

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CORDELIA STEVENSON, §
　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　§
VS. § NO. 4:06-CV-819-A
　　　　　　　　　　　　　§
MICHAEL J. ASTRUE, §
COMMISSIONER OF SOCIAL §
SECURITY, §
　　　　　　　　　　　　　§
　　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

　　Came on for consideration the above-captioned action wherein Cordelia Stevenson is plaintiff and the Commissioner of Social Security, Michael J. Astrue, is defendant. The court has carefully considered the proposed findings, conclusions, and recommendation of the United States Magistrate Judge ("FC&R"), plaintiff's objections to same, defendant's response to her objections, and the applicable legal authorities. For the reasons given below, the court has concluded that plaintiff's objections lack merit.

I.

## Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. <u>Crouchet v. Sullivan</u>, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Crouchet</u>, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical

findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

II.

Facts

Plaintiff, in her objections, states that she takes issue with the "report and recommendation" made from the magistrate

3

judge's findings. Pl.'s Objs. 1. Because plaintiff does not make any objection to the facts found by the magistrate judge, the court accepts and adopts the section titled "Administrative Record" in the FC&R. See FC&R 4-10.

III.

## Plaintiff's Objections to the FC&R

Plaintiff makes one objection to the FC&R. She objects to the magistrate judge's conclusion that defendant met its burden of proving that plaintiff has the ability to perform other work existing in significant numbers in the national economy. Specifically, plaintiff takes issue with the Administrative Law Judge's ("ALJ") acceptance of the testimony of the Vocational Expert ("VE") because the VE incorrectly testified that the job of a stock clerk only required medium lifting, when the Dictionary of Occupational Titles ("DOT") actually lists that job as requiring heavy lifting. Thus, according to plaintiff, the court must remand the action to the ALJ to consider whether other work available to plaintiff exists in significant numbers. Plaintiff argues that eliminating the stock clerk job creates an issue of fact that can only be determined by the ALJ, namely, whether the remaining jobs represent a significant number of jobs

4

in the national economy. Plaintiff maintains that it would be an improper re-weighing of the evidence for the court to consider on its own whether a significant number of jobs remain available for plaintiff to perform.

IV.

## Analysis

As stated by the magistrate judge in the FC&R, the job of stock clerk described by the VE is listed in the DOT as heavy work which exceeds plaintiff's exertional capacity. This discrepancy creates a conflict between the VE's testimony and the DOT. The Social Security Administration, in December of 2000, issued new rulings, including one with a stated purpose of clarifying the standards for identifying and resolving the conflicts between occupational evidence provided by a VE and information in the DOT. Social Security Ruling 00-4p, 65 Fed. Reg. 75759-01 (Dec. 4, 2000). Specifically, the ruling clarifies the ALJ's responsibility of questioning the VE about possible conflicts between the expert's testimony and the DOT, stating that:

> [w]hen a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and

> information provided in the DOT. In these situations, the adjudicator will:
>
>> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>>
>> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> . . . The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

Id. at 75760-61.

Here, the ALJ relied on the VE's testimony to support his conclusion that plaintiff could perform jobs that exist in significant numbers in the national economy. Plaintiff did not identify conflicts between the DOT and the VE at the hearing. However, plaintiff has since identified the conflict between the ALJ's conclusion that she could perform medium work jobs and the VE's inclusion of the job of a stock clerk, which requires heavy work, in her analysis that a significant number of jobs are available for plaintiff to perform.

According to the record, the ALJ asked the expert if any conflicts existed between her testimony and the DOT and the VE answered that there were none. Record 25, 420. As quoted above, the Social Security rules clearly place an affirmative burden on

6

the ALJ to ask the expert if any conflicts exist between his or her testimony and the DOT. Here, the ALJ complied with the rulings. The fact that the VE did not identify the conflict does not mean that the ALJ violated his duty under Ruling 00-4p or otherwise.

Further, plaintiff asserts that the VE's credibility should be questioned because of her mischaracterization of the store clerk position. However, the court is not convinced that such an error would call into question the credibility of the VE's entire testimony. Instead, the court takes into consideration the VE's error in deciding whether plaintiff has shown that the ALJ's conclusion is supported by substantial evidence. In her testimony, the VE identified two jobs available to plaintiff that plaintiff does not challenge: laundry laborer, with 8,000 jobs in Texas and 80,000 jobs nationally, and packager, with 6,000 to 8,000 jobs in Texas and 80,000 jobs nationally. In looking at the VE's testimony regarding these jobs and the ALJ's conclusion, the court is not reweighing the evidence, rather, it is "scrutiniz[ing] the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings." Faga, 810 F.2d at 1302. Based on the record, the court concludes that the ALJ's determination that plaintiff is

7

capable of performing jobs existing in significant numbers is supported by substantial evidence.

V.

Conclusion and Order

For the reasons stated above, the court concludes that plaintiff's objections to the FC&R lack merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision be, and is hereby, affirmed.

SIGNED January 8, 2008.

JOHN McBRYDE
United States District Judge